# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **K.D.**, individually, and on behalf of R.J.N. and B.S.N., her children, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:12cv939 |
| | ) | **Electronic Filing** |
| **G.T.N.**, **ANTHONY DEBERNARDO**, **HEIDI DEBERNARDO-NORTON**, and **LAW FIRM OF DEBERNARDO, ANOTNIONO, MCCABE, DAVIS & DEDIANA**, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

February 16, 2016

**I.  INTRODUCTION**

Plaintiff, K.D. ("Plaintiff" or "KD"), individually, and on behalf of her children R.J.N ("RJN") and B.S.N. ("BSN")(collectively "Plaintiffs"), filed a six (6) count Amended Complaint alleging: (1) a claim under 42 U.S.C. § 1983 for violation of her procedural Due Process rights against Defendants, G.T.N. ("GTN"), Anthony DeBernardo (" DeBernardo"), Heidi DeBernardo-Norton ("Norton"), and the Law Firm DeBernardo, Anotonio, McCabe, Davis & DeDiana (the "Law Firm") (collectively "Defendants"); (2) a claim under 42 U.S.C. § 1983 for violation of her substantive Due Process rights against all Defendants (3) a claim under 42 U.S.C. § 1983 for violation of her rights under the First Amendment against all Defendants; (4) a claim under 42 U.S.C. § 1983 based upon malicious prosecution and/or misuse of process against all Defendants; (5) a state claim for Abuse of Process against all Defendants; and (6) Assault and Battery against Norton. Defendants, DeBernardo, Norton and the Law Firm have filed a Motion for Summary Judgment, and GTN has filed a *pro se* Motion for Summary

Judgment . K.D., acting *pro se*, has responded, but RJN and BSN remain unrepresented and have failed to respond to the motion. The matter is now before the Court.

**II.     STATEMENT OF THE CASE**

KD and Defendant, GTN, are former husband and wife, who had three (3) children while married including sons, and minor Plaintiffs, RJN and BSN[1]. Am. Compl. ¶¶ 7 & 8. At the time of the events leading to Plaintiffs claims herein, KD had primary physical custody of RJN and BSN. Am. Compl. ¶ 9. In or around July 7, 2010, KD's husband, P.D., was arrested by federal authorities and charged with violations of the Hobbs Act. Def. CSF ¶ 14; KD's Response to Defendants' Concise Statement of Facts ("KD RCSF") ¶ 14.

On July 9, 2010, DeBernardo presented an *ex parte* "Emergency Petition to Obtain Immediate Physical Custody" of RJN and BSN in the Court of Common Pleas of Westmoreland County. Def. CSF ¶ 22; Apdx. Ex. G. The Petition was filed pursuant to 23 Pa. Cons. Stat. Ann. § 5310 and Rule 1915.13 of the Pennsylvania Rules of Civil Procedure. Def. CSF ¶ 23; Apdx. Ex. Y & Ex. Z; KD RCSF ¶ 23. Judge Christopher A. Feliciani ("Judge Feliciani") signed a "Temporary Order of Court" granting GTN primary physical custody as requested, set a hearing on the matter to be held before him on July 27, 2010, and authorized the Westmoreland County Sheriff to assist GTN in obtaining custody of RJN and BSN. Am. Compl. ¶ 27; Def. Apdx. Ex. Z.

---

[1]     KD and GTN also had a daughter, KN, who was the subject of an emergency petition filed by GTN in the Court of Common Pleas of Westmoreland County in March of 2010, requesting immediate physical custody of the then minor KN. Following a hearing and *in camera* interview with KN, the Court granted primary physical custody to GTN. *See* Defendants' Concise Statement of Facts ("Def. CSF") ¶¶ 2, 10 & 11.

On July 26, 2010, KD, through her attorney, filed an Emergency Petition to Vacate the Order entered by Judge Feliciani on July 9, 2010. Def. CSF ¶ 28. A hearing was held on July 27, 2010, and testimony was taken including in-chambers testimony from RJN and BSN. Def. CSF ¶ 31. After considering GTN's Emergency Petition to Obtain Immediate Physical Custody and KD's Emergency Petition to Vacate the Court entered an Order maintaining primary physical custody of RJN and BSN in GTN. Def. CSF ¶ 32; Apdx. Ex. M. Prior to a hearing scheduled for August 9, 2010, counsel for KD moved to have Judge Feliciani recuse himself from the case. Def. CSF ¶ 32. Judge Feliciani recused himself, and after all judges from Westmoreland County recused on the action, Senior Judge Daniel Lee Howsare ("Judge Howsare") of Bedford County was appointed to the case. Apdx Ex. N & P; Am. Compl. ¶ 53.

On September 21, 2010, KD filed an Amended Emergency Motion to Vacate Custody Orders. Def. CSF ¶ 36. After a hearing on the matter, Judge Howsare denied the Motion to Vacate, finding "a hearing was held shortly after the issuance of the ex parte (sic) order, where the issue causing the change of custody was addressed. The parties were present with counsel. Judge Feliciani clearly was aware of the competing considerations." Def. CSF ¶ 39; Apdx Ex. P. Judge Howsare also determined that KD's due process rights were not violated by the *ex parte* Emergency Petition to Obtain Immediate Physical Custody filed by GTN. Def. CSF ¶ 39.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim.

3

*Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Id*. The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well. *Whiteland Woods, L.P. v. Township of West Whiteland,* 193 F.3d 177, 180 (3d Cir. 1999), *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P 56(e). Further, the nonmoving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994)).

IV. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

See 42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Defendants contend that Plaintiffs' § 1983 claims must fail as none of the Defendants were acting under color of state law. *See Berg v. Cty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000) ("The Plaintiff must demonstrate that a person acting under color of law deprived him of a federal right." ). The Supreme Court has established a number of approaches in order to answer the general question of whether there is a sufficiently "close nexus between the State and the challenged action [so] that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001). The Court identified several factors that can "bear on the fairness of such an attribution," such as when (1) the challenged activity results from the state's exercise of coercive power, (2) the state provides significant encouragement, either overt or covert, or (3) a private party becomes a willful participant in joint activity. *Id.*

In *Crissman v. Dover Downs Entertainment Inc.*, 289 F.3d 231 (3d Cir. 2002), the Third Circuit found that regardless of whether the approach is treated as "tests" or "facts," "*Brentwood* directs courts to focus on the fact-intensive nature of the state action inquiry, mindful of its central purpose: to assure that constitutional standards are invoked 'when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.'" *Id.* at 2394 (citing

5

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. at 295). In other words, the basic question is whether the challenged act can be "fairly attributed to the state." *Crissman v. Dover Downs Entertainment Inc.*, 289 F.3d at 231 (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The plaintiff bears the burden of establishing that the defendant is a state actor for purposes of Section 1983. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1994) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). In this instance, the Court is unable to find evidence that any of the Defendants were acting under color of state law and summary judgment must be entered regarding Plaintiffs' claims under §1983.

Although not "immune" from suit or liability, an attorney may be entitled to dismissal of a civil rights action because lawyers, typically, are not "state actors." The Supreme Court of the United States has stated: "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Similarly, the Court of Appeals for the Third Circuit has held that a private attorney does not act under color of state law merely by representing a client. *See e.g. Henderson v. Fisher*, 631 F.2d 1115, 1119 (3d Cir. 1980) (noting that "[a]lthough states license lawyers to practice, and although lawyers are deemed 'officers of the court,' this is an insufficient basis for concluding that lawyers act under color of state law for the purposes of 42 U.S.C. §1983."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

The Supreme Court recognized that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."

*Dennis v. Sparks*, 449 U.S. 24, 28 (U.S. 1980). Moreover, this Court has previously held that the filing of a petition for a protection from abuse order and a petition to modify custody would not render a private individual a state actor. *See Van Tassel v. Lawrence County Domestic Rel. Section*, 659 F.Supp.2d 672, 699 (W.D. Pa. 2009)( citing *Karls v. Prudential Real Estate Affiliates, Inc.*, 2008 U.S. Dist. LEXIS 2040 (D. Utah Jan. 10, 2008)("The overwhelming weight of authority demonstrates that a private party's mere invocation of state procedures, such as the filing of an administrative complaint, does not, as a matter of law, make Defendants state actors or actors under color of state law.").

In this instance, GTN and his attorneys merely invoked the protections of 23 Pa. Cons. Stat. Ann. § 5310 and Rule 1915.13 of the Pennsylvania Rules of Civil Procedure in seeking emergency custody of RJN and BSN. Such petition did not elicit an automatic entitlement to relief, but required a hearing before a judge, who made an independent determination whether such relief would be granted. Here, both Judge Feliciani and Judge Howsare found that GTN was entitled to the relief sought.

The overwhelming weight of authority demonstrates that a private party's mere invocation of state procedures, such as the filing of an administrative complaint, does not make a defendant a state actor or an actor under color of state law. Accordingly, Defendants, G.T.N. Anthony DeBernardo, Heidi DeBernardo-Norton, and the Law Firm DeBernardo, Anotonio, McCabe, Davis & DeDiana have no liability to Plaintiffs under § 1983.

## V. CONCLUSION

Based on the foregoing, the motions for summary judgment will be granted in favor of all the Defendants. This Court declines to exercise supplemental jurisdiction over the remaining state law claims. An appropriate Order follows.

                                                   s/ DAVID STEWART CERCONE
                                                   David Stewart Cercone
                                                   United States District Judge

cc:    K.D.
       11151 Mockingbird Drive
       N. Huntingdon, PA 15642-8413

       (*By Regular U. S. Mail*)

       John K. Greiner, Esquire
       Charles W. Jelley, Esquire

       (*Via CM/ECF Electronic Mail*)